EL PUEBLO, DEMANDANTE Y APELADO, *v.* MOLL, ACUSADO
Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Ponce en
causa por portar armas prohibidas.

No. 1550.—Resuelto en julio 22, 1920.

PORTAR ARMAS PROHIBIDAS—ARMAS PROHIBIDAS—PRUEBA INSUFICIENTE.—La intención de la ley que prohibe portar armas es castigar al que lleva consigo el arma prohibida, pero no al que incidentalmente puede tomarla en su manos. En el presente caso el acusado tuvo por unos momentos en sus manos un revolver con el cual hizo unos disparos, pero habiéndose demostrado que él no era dueño del arma, que no la llevaba sobre su persona ni la conservó en su poder y que se limitó a usarla con el propósito expreso de atraer a la policía para que interviniera en una riña entre dos hombres no puede estimarse que el acusado haya infringido la ley.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. J. Rosario Gelpí.*

Abogado del apelado: *Sr. J. E. Figueras, Fiscal.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

Miguel Moll fué acusado de portar voluntariamente sobre su persona un revólver que sacó en medio de la calle haciendo cinco disparos. El hecho ocurrió en Adjuntas, P. R., en octubre 25 de 1919.

Celebrada la vista en la corte de distrito, el acusado fué condenado a pagar cinco pesos de multa y en defecto de pago a sufrir un día de cárcel por cada dólar dejado de satisfacer. No conforme el acusado apeló para ante esta Corte Suprema.

Toda la prueba que el fiscal presentó a la corte y que ésta tuvo en consideración para su fallo consistió en las declaraciones de tres testigos. Dos policías insulares que dijeron, en resumen, que sintieron unos disparos, fueron al sitio de donde partían y encontraron dos individuos peleando en un baile, los registraron y no tenían arma alguna. Se dirigieron entonces al acusado que estaba en la calle y le preguntaron si sabía quien era el autor de los disparos y él respondió: "yo disparé para que ustedes vinieran a

arrestar estos individuos que están con un escándalo en esa casa.'' El acusado no tenía el revólver. El otro testigo declaró que el acusado ''hizo los disparos, porque allí se formó un tumulto y él le quitó el revólver a Pelayo Aparicio que estaba con él, para así pedir auxilio pues él le dijo que la policía vendría enseguida tan pronto como se oyeran los disparos.'' Que el acusado devolvió enseguida el revólver a Aparicio.

Opinamos que la prueba no es suficiente para sostener la sentencia condenatoria dictada contra el acusado.

La ley que se supone infringida dice que si cualquier individuo llevare encima o en su persona, montura, alforjas o banastas, cualquier revólver, puñal, daga, honda, espada, bastón de estoque, garrote, arpón o manopla se le impondrá determinada pena. (Sección 5994, Compilación de 1911.)

La intención de la ley es, pues, castigar al que lleva consigo el arma en cuestión, pero no al que incidentalmente pueda tomarla en sus manos. Y esto último es lo único que se ha probado que hiciera el acusado. La prueba de cargo demuestra que es cierto que el acusado por unos momentos tuvo en sus manos un revólver con el cual hizo unos disparos, pero demuestra también que él no era el dueño del revólver, ni lo llevaba sobre su persona, ni lo conservó en su poder, limitándose a usarlo con el propósito expreso de atraer inmediatamente a la policía para que interviniera en una lucha entre dos hombres.

Debe revocarse la sentencia apelada y absolverse al acusado.

*Revocada la sentencia apelada y absuelto el acusado.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.