EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* HIPÓLITA SANTIAGO, acusada y apelante.

No. 2568.—*Visto:* Noviembre 13, 1925. *Resuelto:* Diciembre 23, 1925.

ARMAS—PORTAR ARMAS PROHIBIDAS—NAVAJA BARBERA. — Una persona que reclama de otra *su navaja* y llega a tomarla en sus manos con intención de conservarla sobre su persona—no importa lo corto del tiempo—la porta sobre su persona e infringe la ley.

SENTENCIA de *R. Díaz Cintrón,* J. (Ponce), declarando culpable a la acusada de infracción a la Ley prohibiendo portar armas. *Confirmada.*

*F. Colón* y *L. Tormes,* abogados de la apelante; *José E. Figueras* y *Luis Samalea,* abogados de *El Pueblo,* apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Hipólita Santiago fué condenada a un mes de cárcel por portar una navaja barbera, arma prohibida. Apeló para ante este tribunal e invocando el caso de *El Pueblo* v. *Moll,* 28 D.P.R. 783, sostiene que aún aceptando como cierta la

prueba del Fiscal no se ha demostrado la comisión del delito por el que fué castigada.

No estamos conformes. La evidencia fué contradictoria en extremos esenciales. Aquella que creyó la corte demuestra que la acusada al subir a un automóvil pidió a otra persona *su dinero y su navaja.* La persona no quería acceder a entregar la navaja. Lo hizo al fin y al ir la acusada a guardarla en una de sus medias, un policía que se encontraba en el auto trató de quitársela y ella la arrojó a la calle.

En el caso de *Moll, supra,* se dijo: "La intención de la ley que prohibe portar armas es castigar al que lleva consigo el arma prohibida, pero no al que incidentalmente pueda tomarla en sus manos." Moll no era dueño del arma, ni tuvo la intención de portarla. Aquí la acusada reclamó *su navaja* y llegó a tomarla en sus manos con intención de conservarla sobre su persona. No importa lo corto del tiempo. Por escaso que fuera, la portó. Si no continuó con ella se debió a la intervención del policía.

Siendo ello así y no habiéndose demostrado que el juez actuara movido por pasión, prejuicio o parcialidad, o que cometiera error manifiesto al dirimir el conflicto de la evidencia, *debe confirmarse la sentencia apelada.*

El Juez Asociado Sr. Wolf no intervino en la resolución de este caso.