El Pueblo de Puerto Rico, demandante y apelado, v. Mario Ortega, acusado y apelante.

No. 2805.—*Visto:* Junio 16, 1926. *Resuelto:* Julio 16, 1926.

1. Registros y Secuestros *(Searches and Seizures)* — Registros y Secuestros Ilegales—Actuaciones no Constitutivas de Registros y Secuestros Ilegales.—Aún cuando no se haga ostentación maliciosa o manifiesta de un arma, cuando de la prueba aparece que el acusado se impresiona al ver un policía y su actitud misma le descubre entregando espontáneamente un revólver que porta, ello no constituye un registro o busca ilegal.

2 Armas—Portar Armas Prohibidas—Intención u Objeto—Intención u Objeto con, que se Conduce el Arma.—El objeto o intención con que un acusado conduce un arma es elemento para considerar en cada caso de acuerdo con las circunstancias especiales que concurran.

Sentencia de *Angel Acosta Quintero,* J. (Ponce), condenando al acusado por delito de portar armas prohibidas. *Confirmada.*

*Tomás Paz,* abogado del apelante; *José E. Figueras,* abogado de *El Pueblo,* apelado.

El Juez Asociado Señor Franco Soto, emitió la opinión del tribunal.

Mario Ortega fué sentenciado a cumplir treinta días de cárcel por la portación de un revólver en su persona.

Rafael Zeruto, policía insular, presentó la denuncia y la parte esencial de su declaración en que se refieren los hechos, dice como sigue:

"P.—¿Usted iba de recorrida por ese barrio? R.—Fuí con el señor Tomás Grillasca persiguiendo un individuo que tenía fiado el señor Grillasca. P—¿De modo que era un prófugo ese individuo? R.—Sí. Estaba prófugo. P.—¿En qué barrio fué? R.—Barrio Rubias. P.—¿Cómo y de dónde ocupó usted el revólver? R.—Pues resulta que yo estaba hablando con Mr. Miner, el inspector de escuelas de Yauco y el señor Grillasca en la carretera, cuando venía este muchacho por la carretera, y al enfrentarse conmigo se cerró el gabán, y entonces me dió malicia y le dije que qué llevaba él y entonces me entregó el revólver."

Tomás Grillasca dijo:

"R. Ahí estábamos los tres cuando el señor éste (señalando al acusado) venía en un caballo y con una capa en la mano y el policía vió algo y fué seguido donde él y le sacó el revólver."

[1] El apelante levanta como motivo de error no haber la corte inferior absuelto perentoriamente al acusado porque el registro fué ilegal, no apareciendo que se hiciera ostentación maliciosa o manifiesta del revólver. Si partimos de la declaración del policía diciendo que al cerrarse el gabán el acusado y preguntarle qué llevaba, dicho acusado le entregó el revólver, en realidad no puede sostenerse que hubo un registro o busca en ningún sentido en la persona del acusado. Parece más bien que el acusado se impresionó a la vista del policía y su actitud misma le descubrió entregando espontáneamente el cuerpo del delito. Es cierto que la declaración de Grillasca dice que el revólver venía en la capa y que el policía se lo sacó al acusado, pero de todos modos se trata entonces de determinar la credibilidad de uno u otro testigo y el fallo de la corte inferior descansó indudablemente en la declaración del policía, a quien creyó enteramente.

La prueba de descargo establece además que el acusado era el peón del Dr. Arrache y que no pudiendo éste ir a una finca en automóvil por existir un derrumbe en la carretera que impedía el paso, pidió un caballo que le trajo el acusado con un paraguas y una capa.

[2] Por las circunstancias peculiares de este caso la cuestión a resolver es si el objeto o intención con que el acusado conducía el revólver es un elemento para considerarse en este caso. La jurisprudencia en ese punto se resume así:

"En algunos estados se ha resuelto que el delito de portar armas no constituye una excepción a la regla general de que para cometerse un delito es necesario que haya intención criminal, y en acusaciones por tal delito las cortes han tomado en consideración, al determinar si se ha violado o nó la ley, la intención con que se portaba el arma. En dichos estados se ha resuelto que si una persona solamente porta un arma como artículo de comercio, sin intención alguna, razonablemente inferible, de usarla como arma, no es culpable del delito de acuerdo con la ley. Se ha resuelto además que la regla que antecede es aplicable cuando el acusado porta para su casa un arma acabada de comprar. De igual modo se ha re-

. suelto que si se descompone un arma, su dueño puede llevarla a un taller de reparaciones y traerla nuevamente a su casa después de reparada, sin que se le pueda hacer responsable criminalmente. Pero aún en los sitios que prevalece la anterior doctrina, se ha resuelto que una persona que porta un arma prohibida como un artículo de comercio debe llevarla directamente al sitio donde va a ser entregada, y si se demora o se desvía de la ruta directa innecesariamente, se le puede hacer responsable de portar armas prohibidas. En otros estados las cortes han resuelto que la intención de una persona acusada de portar armas prohibidas es inmaterial, y que si porta un arma ocultamente sobre su persona, contrario a la ley, es culpable del delito que se le imputa, independientemente de la causa por la cual portaba el arma. En apoyo de esta regla se ha resuelto que la intención criminal consiste en la intención de portar el arma ocultamente, y que no depende de la intención de usarla, y que el objeto de la ley no es prohibir la portación de un arma mortífera para usarla, sino evitar la ocasión y la tentación de usarla que surge al conducirla ocultamente. Cuando se pone un arma en el bolsillo de una persona sin su conocimiento o consentimiento, tal persona no es culpable de portar armas prohibidas, aunque usando razonable diligencia hubiese podido averiguar que tenía tal arma en el bolsillo.'' 8 R.C.L. par. 309, pág. 288.

La diferencia de opinión que se advierte en las autoridades parece más bien aparente y todo indica que cada caso debe decidirse de acuerdo con las circunstancias especiales que concurran.

La prueba de defensa consistió en el testimonio del Dr. Arrache y del propio acusado. Tendió a establecer que el revólver venía en un bolsillo de la capa y que el acusado ignoraba su contenido. El Dr. Arrache dijo, sin embargo, que no podía afirmar que el peón ignoraba que lo traía consigo.

Es cierto, según se desprende de la prueba, que el acusado cumplía un encargo, apareciendo entre los objetos que iba a entregar un revólver, pero esto por sí solo no le exoneraba de responsabilidad. La circunstancia que excusaría al acusado sería si él ignoraba que portaba el arma. Dada la manera, sin embargo, en que declara el policía que le

fué entregada, había que presumir que el acusado tenía conocimiento que la conducía.

*Por lo expuesto, debe confirmarse la sentencia apelada.*

El Juez Asociado Señor Hutchison disintió.