**El Pueblo de Puerto Rico, demandante y apelado, *v.* Cornelio Santiago, acusado y apelante.**

No. 3174.—*Visto:* Junio 15, 1927. *Resuelto:* Julio 12, 1927.

Portar Armas—Portar Armas Prohibidas—Proceso y Castigo—Apelación—Revisión—Evidencia—Apreciación de las Pruebas.—Atendida la prueba en el caso de autos *se resolvió* que la corte, al no creer al acusado—único testigo de descargo—no cometió error manifiesto, especialmente cuando es raro que los hechos ocurrieran en la forma relatada por el mismo.

Sentencia de *Charles E. Foote,* J. (Mayagüez), condenando al acusado por delito de portar armas, con costas.  *Confirmada.*

*Alemany & Ramírez* y *Angel A. Vázquez,* abogados del apelante; *José E. Figueras,* abogado de *El Pueblo,* apelado.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

Se imputó al acusado el delito de portar armas prohibidas consistente en haber portado sobre su persona, en Mayagüez, el 27 de octubre de 1925, para fines de ofensa y defensa, un revólver, con el cual podía causarse daño corporal.

La prueba de cargo consistió en las declaraciones de cuatro testigos que de modo terminante aseguraron que vieron al acusado en la fecha y en el sitio especificados en la acusación, revólver en mano, haciendo fuego en una riña.

Por la defensa sólo declaró el propio acusado. Dijo que fué agredido al salir de la corte y cayó a tierra, se paró, sintió unos disparos que lo hirieron, "entonces, en ese momento en que yo estaba parado, no sé quién me puso un revólver en las manos y yo disparé hacia donde venían las balas, sin darme cuenta, . . ."

La corte, visto el resultado de la prueba, condenó al acusado. No conforme éste, apeló y sostiene en su alegato que la corte erró porque lo que demuestra la prueba a su juicio no es que portara un revólver sobre su persona, sino que accidentalmente hizo uso de un revólver que otra persona colocó en sus manos para defender su vida. Cita en apoyo de su contención el caso de *El Pueblo* v. *Moll,* 28 D. P.R. 783.

En el caso de *Moll, supra,* se analizó la prueba y se concluyó que demostraba que el acusado, al formarse un tumulto, quitó el revólver a una persona y disparó para avisar a la policía, que en efecto llegó en seguida, y devolvió el revólver a su dueño. Se resolvió que el acusado bajo esas circunstancias no era culpable.

Pero eso no quiere decir que cada vez que ocurra un caso semejante al que está sometido a nuestra consideración, baste que el propio acusado declare en la forma que lo hizo aquí, para que la corte esté obligada a dar crédito a su declaración por inverosímil que ella sea.

Es sencillamente una cuestión de credibilidad. La corte no creyó al acusado, y no vemos que cometiera error manifiesto al proceder de tal modo pues en verdad sería demasiado raro que los hechos pudieran ocurrir en la forma en que los relata el acusado en cuanto a la colocación del revólver en sus manos.

*Debe confirmarse la sentencia recurrida.*