EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* LOPE GELY, acusado y apelante.

No. 3432.—*Visto:* Marzo 21, 1928. *Resuelto:* Marzo 27, 1928.

1. DERECHO PENAL—APELACIÓN Y ERROR Y CERTIORARI—REVISIÓN—CONCLUSIONES DE LA CORTE INFERIOR—SOBRE LAS PRUEBAS.—La conclusión a que llegare un juez sentenciador después de apreciar la prueba aducida para demostrar la ausencia del *mens rea,* a menos que sea manifiestamente errónea, no será alterada en apelación.

2. ARMAS—PORTAR ARMAS PROHIBIDAS—PROCESO Y CASTIGO—APELACIÓN—REVISIÓN—CONCLUSIONES DE LA CORTE INFERIOR.—En este caso el acusado declaró que llevaba la navaja a la barbería donde acostumbraba ir a afilarla todos los sábados; tal declaración está incontrovertida y suplementada por el día de la semana en que ocurrió el incidente. *Se resolvió,* por la forma en que la conducía así como por la ausencia absoluta de toda tentativa de usarla como tal arma, no obstante habérsele acometido y agredido, que todo ello demostraba ausencia absoluta del *mons rea* y la sentencia condenatoria no podía sostenerse.

SENTENCIA de *R. López Antongiorgi,* J. (Guayama), condenando al acusado por delito de portar armas. *Revocada,* absolviéndose al acusado.

*Antonio J. Amadeo,* abogado del apelante; *José E. Figueras,* abogado de *El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

Lope Gely, un ex-policía considerado anteriormente como de buen carácter y reputación, fué convicto de portar un arma y sentenciado a dos meses de cárcel.

Gely fué acometido entre nueve y diez de la mañana mientras estaba sentado en la oficina del correo de Patillas esperando que se distribuyera la correspondencia.

Fué arrestado junto con el agresor y llevado al cuartel de la policía, donde, a instancias de dicho agresor, se le registró, encontrándosele en el bolsillo interior de la cha-

queta, una navaja en su estuche, además de un periódico, varias cartas y otros papeles más. Gely no hizo esfuerzo alguno para sacar o usar la navaja. Su agresor admitió mientras declaraba como testigo que no había visto la navaja, pero que creía que Gely la tenía.

Gely declaró que se dirigía a una barbería donde acostumbraba ir a afilar su navaja todos los sábados, y que su agresor sabía que él tenía esta costumbre porque había usado la navaja en algunas ocasiones en que había estado en la barbería. El barbero Jesús Ildefonso fué llamado a declarar, pero es bastante curioso que no fuera examinado sobre estos particulares. Ni el barbero ni el testigo que había acometido a Gely fueron llamados a declarar en refutación, y la declaración del acusado respecto al motivo por el cual portaba la navaja permanece incontrovertida en los autos. Su declaración está corroborada indirectamente, hasta cierto punto, por lo menos, por la circunstancia de que no hizo esfuerzo alguno para sacar o usar el arma en defensa propia al ser agredido.

Tal vez la omisión por parte del fiscal de ofrecer prueba de refutación se deba al hecho de que inmediatamente que se terminó de presentar la prueba del acusado la corte procedió a declararlo culpable y a dictar sentencia. Al hacer esto, el juez sentenciador discutió el supuesto arresto ilegal y el registro practicado a la llegada al cuartel de la policía, en relación con la cuestión del ataque colateral, pero no menciona en forma alguna la prueba tendente a demostrar que el acusado se dirigía a una barbería con el fin de que le afilaran su navaja en el momento en que se hizo el arresto y en que, incidentalmente, se descubrió el arma. Este último aspecto del caso parece haber sido pasado enteramente por alto por la corte inferior, o de lo contrario se hizo caso omiso de él.

En el caso de *El Pueblo* v. *Moll*, 28 D.P.R. 783, se resolvió, según se dice en el sumario, que:

"La intención de la ley que prohibe portar armas es castigar al que lleva consigo el arma prohibida, pero no al que incidentalmente pueda tomarla en sus manos."

En el caso de *El Pueblo* v. *Borges,* 23 D.P.R. 486, refiriéndose a un acusado que había matado en defensa propia a su agresor, se dijo que:

"Si en vez de enviar por la policía hubiera seguido él mismo con su revólver en el bolsillo hasta el puesto de policía más cercano para informar a las autoridades de lo que había ocurrido y entregar el arma, no hubiera sido culpable del delito que se le imputó."

El fiscal cita, entre otros, el caso de *El Pueblo* v. *Acevedo,* 34 D.P.R. 460, y recomienda la revocación.

[1, 2] Ordinariamente, desde luego, el que lleva una navaja a una barbería con un fin legítimo haría bien en no detenerse por el camino, cerca del correo o en algún otro sitio, sino que debe proseguir directamente hacia su destino. La conclusión a que llegare un juez sentenciador después de apreciar la prueba aducida para demostrar la ausencia del *mens rea,* a menos que sea manifiestamente errónea, no será alterada en apelación. Sin embargo, en el presente caso, según ya hemos indicado, la cuestión de la intención criminal no parece haber recibido sería consideración por parte de la corte inferior. Estamos convencidos de que la declaración del acusado, que permanece incontrovertida y sin impugnar, estando como está suplementada por el día de la semana en que ocurrió el incidente, por la naturaleza del arma portada por él, por la forma en que la conducía y por la ausencia absoluta de toda tentativa de usarla como tal arma, no obstante habérsele acometido y agredido, basta para establecer *prima facie* una buena defensa.

*Debe revocarse la sentencia recurrida.*