El Pueblo de Puerto Rico, demandante y apelado, *v.* Amelio Pagán, acusado y apelante.

5073.—*Sometido:* Mayo 2, 1933. *Resuelto:* Mayo 17, 1933.

*González Fagundo & González Jr.,* abogados del apelante; *R. A. Gómez, Fiscal,* abogado de El Pueblo, apelado.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

Amelio Pagán estuvo en el cuartel de la policía de Juncos el 27 de febrero de 1932 a denunciar que habían hurtado un caballo en la finca de su principal Ángel González. Al ver la policía que tenía un revólver debajo de la camisa se le ocupó. Fué condenado por portar dicha arma e interpuso esta apelación contra esa sentencia.

El apelante admite que portaba dicha arma pero presentó prueba para demostrar que tal portación no era ilegal. Para ese fin ofreció dos testigos, Ángel González y Ángel Ríos Carrillo, jefe de la policía de Juncos. Declaró el primero que con motivo de los frecuentes incendios y destrucción de siembras de tabaco que estaban ocurriendo por entonces en Juncos dió un revólver a su empleado Amelio Pagán para que custodiara la finca: que Pagán le dijo que se habían llevado un caballo de la finca y que el revólver que le había entregado no funcionaba, según se lo demostró, por lo que le ordenó que fuera al pueblo de Juncos a poner la falta del caballo en conocimiento de la policía y que al mismo tiempo llevara el revólver adonde un herrero para que lo compusiera, porque lo necesitaba: que el revólver no disparaba. El jefe de la policía testificó que examinó el revólver ocupado a Amelio Pagán y vió que no disparaba porque el muelle que hace mover la maza de las balas y el gatillo estaba defectuoso. Las repreguntas del fiscal no destruyeron esas afirmaciones y no presentó prueba en contra de ellas.

El fiscal de este Tribunal Supremo admite que de acuerdo con esa prueba el apelante no portaba el revólver ilegalmente y que por ese motivo debe ser absuelto.

Ya hemos dicho en el caso de *El Pueblo* v. *Ortega,* 35 D. P.R. 782, que la intención con que se porta el arma es un elemento a ser considerado; en el de *El Pueblo* v. *Borges,* 23 D.P.R. 524, se declaró que el mero hecho de haber salido el acusado de su finca al camino para entregar a un representante de la ley el arma con la cual había defendido su vida

no constituía delito; y también dijimos que si en vez de enviar por la policía hubiera seguido él mismo con su revólver en el bolsillo hasta el puesto de la policía más cercano para informar a las autoridades de lo que había ocurrido y entregar el arma, no hubiera sido culpable del delito de portar armas; y en el caso de *El Pueblo* v. *Gely,* 37 D.P.R. 933, también declaramos que el portar una navaja barbera para ser afilada en una barbería no constituía delito. En el caso de *State* v. *Casto,* 119 Mo. App. 265, 95 S.W. 961, se dijo que el que porte una pistola que no puede ser usada como tal porque su muelle principal está roto, no comete delito cuando la razón de tenerla en su posesión es por no haber encontrado la persona que debía componerla.

*La sentencia apelada debe ser revocada y absolverse al acusado.*