EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* WILLIAM ARANA RODRÍGUEZ, acusado y apelante.

Núm. 15095.—*Sometido:* Noviembre 5, 1951.   *Resuelto:* Noviembre 5, 1951.

*José Castro Figueroa,* abogado del apelante; *Hon. Procurador General Víctor Gutiérrez Franqui* y *J. Rivera Barreras, Fiscal del Tribunal Supremo,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

El apelante fué acusado de los delitos de portar un revólver y de no registrar el mismo. Fué absuelto por el tribunal de distrito del segundo delito pero convicto del primero. Apeló de la sentencia condenándolo a tres meses de cárcel. El único señalamiento es que la corte inferior erró "al declarar culpable al acusado del delito de portar arma, cuando dió por hecho probado el hallazgo incidental de la misma."

Johnnie Andino Morán, el primer testigo del Pueblo, declaró que el 20 de octubre de 1950 estaba en una mueblería administrada por Raúl Santana cuando el acusado entró a la misma con un revólver en la mano, apuntó hacia Santana y dijo "échate para adentro". Santana se abalanzó sobre el acusado para desarmarlo y se produjo un disparo.

Santana, también testigo del Pueblo, declaró al mismo efecto, pero añadió que el acusado le apuntó con el revólver "en tono de broma". Declaró que "Yo . . . creía que se le podía zafar un tiro o algo, le agarré la mano y al agarrarle la mano y apulparse uno a la fuerza entonces se disparó un tiro." En ese momento el acusado tenía el dedo en el gatillo. Cuando terminó la broma, el acusado le dijo que había encontrado el revólver debajo de un banco de la plaza y que se lo guardara, que él iba a llevarlo al cuartel de la policía al otro día.

Freddie García Vázquez, primer testigo del acusado, y el mismo acusado, corroboraron la declaración de Santana. El acusado declaró que como a las cinco o seis de la tarde encontró el revólver en un paquete debajo de un banco de la plaza que está a doce metros de la mueblería y que su idea fué "hacerle una broma al amigo para notificarle el hallazgo".

Al resolver los dos casos, el tribunal de distrito hizo la siguiente manifestación: "Para el récord la Corte quiere aclarar que en el caso de poseer armas de fuego sin registrar, la Corte absuelve al acusado porque tiene duda si ese revólver fué encontrado ese mismo día momentos antes en la plaza o fué encontrado con anterioridad. Si fué encontrado para esa fecha él no tenía tiempo de realizar la inscripción del arma ya que el lapso de tiempo transcurrido entre el hallazgo y el incidente podía ser tan corto que él no hubiera tenido tiempo suficiente para realizar la inscripción del arma. El propio acusado admitió que sacó el revólver de la funda y que lo hubo lo mostró a los otros; que no le dió el uso que normalmente se le da a un arma que se encuentra sino que le dió un uso ilegal y él convirtió una posesión incidental en una portación ilegal, lo portó durante suficiente tiempo, de manera que lo que pudo haber sido una portación incidental lo convirtió en una portación ilegal. Por lo tanto, es culpable de portar armas."

Lo arriba citado indica que la corte inferior creyó la historia del acusado de que había encontrado el arma de fuego. Bajo esos hechos, lo posesión original del revólver fué incidental. Y no podía habérsele acusado de portar un arma prohibida si la hubiera portado durante un período de tiempo razonable con el fin de entregarla a las autoridades pertinentes. Cf. *Pueblo* v. *Moll*, 28 D.P.R. 783; *Pueblo* v. *Pérez*, 40 D.P.R. 754; *Pueblo* v. *Robert*, 60 D.P.R. 837; *Pueblo* v. *Suazo*, 65 D.P.R. 28. Pero esto no significa que despúes de encontrar el revólver el acusado podía hacer con él todo

lo que quisiera. Habiendo decidido tomar posesión del revólver, podía retenerlo y llevarlo consigo sólo el tiempo que fuera razonablemente necesario para entregarlo a un policía u otro funcionario. En su lugar, prefirió usarlo para sus propios fines. Bien haya sido en serio o en broma, la conducta del acusado al llevar el revólver a la mueblería y apuntar con él a alguien, constituyó portación ilegal. Véanse *Pueblo v. Ríos*, 41 D.P.R. 764; *Pueblo v. Dieppa*, 43 D.P.R. 314; *Pueblo v. Gil de Lamadrid*, 70 D.P.R. 918.

*La sentencia del tribunal de distrito será confirmada.*