EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* PABLO MOJICA MÁRQUEZ, acusado y apelante.

Número: CR-78-28          Resuelto: 30 de noviembre de 1978

*Carmen Ana Rodríguez Maldonado,* abogada del apelante; *Roberto Armstrong, Jr., Procurador General Interino,* y *Maggie Correa Avilés, Procuradora General Auxiliar,* abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR IRIZARRY YUNQUÉ emitió la opinión del Tribunal.

■ Plantea este recurso si infringe el Art. 6 de la Ley de Armas, 25 L.P.R.A. sec. 416, (¹)—posesión ilegal de un arma de fuego—una persona que logra hacerse del arma al arrebatarla a su atacante y en legítima defensa propia la dispara y causa la muerte de su atacante. En este caso se absolvió al apelante por causar la muerte del occiso, y se le absolvió igualmente de portar el arma. Fue convicto de posesión ilegal y apela. El fallo no puede sostenerse.

Los hechos que aquí consideramos se remontan al 19 de mayo de 1963. (²) Ese día, a eso de las 3:00 de la tarde, mientras el apelante se encontraba en un negocio de cafetín se presentó Ernesto Guzmán Monterola, quien estaba aparentemente bajo los efectos del licor. Comenzó a "hablar malo" en el idioma inglés, motivando que la esposa del dueño del negocio, que en ese momento lo atendía, le pidiera que se fuera. Por respuesta Guzmán Monterola invitó al apelante a boxear, iniciando de inmediato un ataque físico contra éste, al que el apelante respondió con los puños. En su forcejeo salieron fuera del negocio pero en un momento Guzmán Monterola volvió a su interior y se armó de una botella con la cual agredió por la cabeza al apelante. Volvió a armarse de otra botella con la cual volvió a golpearlo, causando que el apelante

---

(¹) Dice así:

"Sec. 416. Posesión de revólver o arma de fuego sin licencia

"Toda persona que tenga o posea cualquier pistola, revólver u otra arma de fuego sin tener una licencia para ello expedida como más adelante se dispone, será culpable de delito menos grave, y si ha sido convicta con anterioridad de cualquier infracción a este Capítulo o de cualquiera de los delitos especificados en la sec. 427 de este título, o usare el arma en la comisión de uno de dichos delitos, será culpable de delito grave."

(²) Este caso es un buen ejemplo de la justificación que hallamos en requerir una exposición narrativa de la prueba en sustitución de una transcripción de las notas taquigráficas o de estenotipia en casos apropiados. El juicio se celebró y el apelante fue sentenciado en agosto de 1965. No fue hasta marzo de 1978 que la transcripción estuvo lista y fue presentada para aprobación del tribunal sentenciador. La tardanza se debió, entre otras causas, a incapacidad sobrevenida al taquígrafo. Una exposición narrativa hubiese sido suficiente para ilustrar y sostener el señalamiento de error que aquí consideramos válido.

cayera. Mientras trataba de incorporarse el apelante logró agarrarse de Guzmán Monterola y coger un revólver que éste tenía en el bolsillo derecho de su pantalón. Se produjeron varios disparos, dos de los cuales hirieron a Guzmán Monterola y eventualmente le causaron la muerte.([3]) Se acusó al apelante de asesinato y de infracción de los Arts. 8 (delito grave) y 6 (delito menos grave) de la Ley de Armas. Los casos graves fueron ventilados por jurado, que absolvió libremente al apelante. No obstante, el juez que presidió el juicio le declaró culpable de poseer el arma sin tener licencia para ello.

Como bien señala el apelante, los elementos del delito de posesión ilegal de un arma de fuego son la tenencia o posesión del arma, y la falta de licencia requerida para ello. La prueba estableció que el apelante tuvo en sus manos el arma de fuego por breves instantes. No portaba el arma, ni era su dueño. Obtuvo su momentánea posesión al desarmar al occiso y la disparó en un momento en que se hallaba indefenso, aturdido por el botellazo que había recibido en la cabeza, al tiempo que su atacante volvía a agredirlo con otra botella. Esa no es la posesión o tenencia que la ley castiga. Fue una posesión incidental al ejercicio de una legítima defensa propia.

No hemos hallado en nuestra jurisprudencia que una situación de hechos como la aquí planteada haya sido objeto de nuestra consideración, frente al citado Art. 6 de la Ley de

---

([3]) Con la excepción de un testigo de cargo de 80 años de edad, corto de vista, que estaba emparentado políticamente con el occiso y quien obviamente no mereció credibilidad, el resto ..e la prueba estableció cumplidamente la versión aquí recogida. Se robusteció esta versión con el testimonio del patólogo forense que practicó la autopsia en el cadáver del interfecto, quien declaró, sobre las trayectorias de las balas, que el orificio de entrada de una fue en la región lumbar derecha por la parte inferior del tórax, por el costado derecho, que siguió una dirección oblicua de abajo hacia arriba, de derecha a izquierda y de atrás hacia el frente; y la otra penetró por la cavidad del hipocondrio derecho, es decir, la región superior y lateral del abdomen, también en dirección oblicua del frente hacia atrás, de derecha a izquierda, de arriba hacia abajo.

Armas. La situación considerada en *Pueblo* v. *Rivera Már-quez*, 96 D.P.R. 758 (1968), es distinta. Allí, el acusado tomó un arma de fuego de manos de una persona que se la ofreció en venta y al examinarla, el arma se disparó y causó la muerte de una persona. Convicto de posesión ilegal en viola-ción del citado Art. 6 revocamos y expresamos (pág. 770):

"Sin detenernos ahora a analizar el concepto de tenencia y posesión del Art. 6 de la Ley de Armas, en los hechos probados de este caso el Art. 6 no tiene aplicación. El Legislador no con-templa lo ilógico ni lo imposible. El delito castigado en el Art. 6 no es tener o poseer un arma de fuego, sino el tenerla o poseerla *sin tener licencia para ello expedida en la forma dispuesta en el estatuto.* Bajo los hechos probados, el apelante no tenía la obliga-ción de inscribir." (Bastardillas en el original.)

█ Dos jueces de este Tribunal disintieron por considerar que la tenencia y posesión no estaba protegida por la ley ya que el acusado no obtuvo el arma de un traficante autorizado, y de hecho obtuvo una posesión intencional, sin licencia. En el caso ante nuestra consideración no puede decirse que hubiera una intención de poseer el arma sin licencia. Compárese *Pue-blo* v. *Arana*, 72 D.P.R. 821 (1951), en que resolvimos que la posesión de un revólver por una persona que lo halla es inci-dental si lo lleva consigo sólo el tiempo razonablemente nece-sario para entregarlo a la autoridad correspondiente. *Cf. Pueblo* v. *Moll*, 28 D.P.R. 783 (1920).

*Se revocará la sentencia apelada y se decretará la abso-lución del apelante.*