EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JUAN VÉLEZ RIVERA, EMILIO REYES PINTO y SALVADOR E. RODRÍGUEZ ZAYAS, acusados y apelantes.

*Número:* CR-65-134      *Resuelto:* 16 de junio de 1966

650

*José Rafael Gelpí,* abogado de los apelantes; *J. B. Fernández Badillo, Procurador General,* y *Héctor R. Orlandi Gómez, Procurador General Auxiliar,* abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR PÉREZ PIMENTEL emitió la opinión del Tribunal.

Los apelantes fueron procesados y sentenciados por la comisión de un delito de conspiración. [1] En este recurso sostienen que la acusación fiscal no expone hechos constitutivos de delito público. En lo pertinente, dicha acusación reza así:

"El fiscal formula acusación contra Juan Vélez Rivera, Emilio Reyes Pinto, Salvador E. Rodríguez Zayas y Santos Rivera Martínez. . . . por un delito de Conspiración, misdemeanor, cometido de la manera siguiente:

Los referidos acusados, Juan Vélez Rivera, Emilio Reyes Pinto, Salvador E. Rodríguez Zayas y Santos Rivera Martínez, allá en o para el mes de agosto de 1964 y en Hato Rey, Puerto Rico, que forma parte de la jurisdicción del Tribunal Superior de Puerto Rico, Sala de San Juan, ilegal, voluntaria, maliciosa y criminalmente, violaron lo dispuesto en el Artículo 62, Inciso 1

---

[1] Juan Vélez Rivera fue condenado a 3 años de cárcel, Emilio Reyes a 2 años y Salvador E. Rodríguez a 1 año y medio de cárcel.

del Código Penal Vigente en Puerto Rico, consistente en que para la fecha antes indicada, se combinaron, confabularon, conspiraron y se pusieron de acuerdo entre sí para cometer un crimen punible según las Leyes del Estado Libre Asociado de Puerto Rico, consistente dicho acto criminal en realizar actos constitutivos de infracciones a los Artículos del Código Penal de Puerto Rico, que prohiben los juegos de azar, y puestos así de acuerdo y confabulados entre sí invitaron a Carlos Martir Santiago a concertar con ellos y formar parte de una jugada de barajas por dinero, sin estar ni ser dichas personas autorizadas a actuar y llevar a efecto juegos por dinero mediante licencia."

En términos generales una conspiración es un acuerdo, convenio o pacto entre dos o más personas para realizar un acto ilegal empleando medios legales o ilegales. [2] También ha sido definida como una sociedad con fines criminales. [3] El delito de conspiración está definido en el Art. 62 de nuestro Código Penal (33 L.P.R.A. sec. 161), como sigue:

"§ 161. Conspiración

Si dos o más personas conspiraren (1) para cometer algún crimen; (2) para acusar falsa y maliciosamente a otra persona de algún crimen, o conseguir que se denuncie o arreste a otra por algún crimen; (3) para promover o sostener algún pleito, causa o proceso infundadamente; (4) para estafar y defraudar a alguna persona en sus bienes por medios en sí criminales, u obtener dinero o bienes valiéndose del engaño; y (5) para cometer algún acto perjudicial a la salud pública, a la moral pública o a la seguridad pública, o encaminado a pervertir u obstruir la justicia o la debida administración de las leyes, tales personas serán culpables de delito menos grave y serán penadas con cárcel por un término máximo de tres años, o multa máxima de mil dólares, o ambas penas. Se le confiere jurisdicción exclusiva al Tribunal Superior para conocer de las violaciones a esta Ley, debiendo celebrarse los juicios por tribunal de derecho."

Sin embargo, en determinados casos, según el citado Código, el convenio por sí solo no constituye conspiración, a

(2) 16 Am. Jur.2d § 1; *Lynch* v. *Magnavox Co.*, 94 F.2d 883; *Marino* v. *United States*, 91 F.2d 691.

(3) 1 Wharton's *Criminal Law & Procedure*, § 1.

no concurrir algún acto para llevarlo a cabo por uno o más de los conspiradores. A este efecto dispone el Art. 63 del Código Penal (33 L.P.R.A. sec. 162):

"Ningún convenio, excepto para cometer delito grave contra alguna persona, o para cometer el delito de incendiar o asaltar moradas, constituye conspiración, a no concurrir a algún acto para llevarlo a cabo, por uno o más de los convenios." (⁴)

Es indispensable, por tanto, la ejecución de algún acto (*overt act*) de por lo menos uno de los conspiradores como el primer paso hacia la realización del objeto de la conspiración, excepto en los casos señalados en la ley.

■ Este acto ulterior (*overt act*) según se señaló en *Marino* v. *United States,* supra, es algo aparte e independiente de la conspiración y es un acto realizado para llevar a cabo el convenio. Véase además, *State* v. *Bennet,* 162 P.2d 581 y *People* v. *Olson,* 42 Cal. Reptr. 760. En este caso de *Olson,* se dijo que los malos designios por sí solos no constituyen delito hasta tanto se haga algo objetivo para efectuar el plan ilegal y que si no hay un acto ulterior (*overt act*) no puede haber una convicción debiendo ser el acto ulterior uno que propicie el objeto de la conspiración. En Puerto Rico, sin embargo, el Art. 63 del Código Penal, excluye la necesidad de un acto ulterior (*overt act*) cuando el convenio es para cometer delito grave contra alguna persona o para cometer el delito de incendiar o asaltar moradas.

Esto nos lleva a considerar nuestra decisión en el caso

----

(⁴) Ésta es una traducción pobre del texto inglés, que es el que debe prevalecer y que lee así:
"§ 162. When agreement amounts to conspiracy
No agreement, except to commit a felony upon the person of another, or to commit arson, or burglary, amounts to conspiracy, unless some act beside (besides) such agreement, be done to effect the object thereof, by one or more of the parties to such agreement."
En California, que es de donde proviene nuestro Art. 63 y en virtud de una enmienda al Código Penal de 1919, no se establece excepción alguna requiriéndose en todos los casos de conspiración, la existencia de un "*overt act*" para que la conspiración sea punible. 47 West Cal. Penal Code, § 184.

de *El Pueblo* v. *Torrellas*, 10 D.P.R. 542 (1906). Allí se trataba de una acusación contra dos personas por conspirar para incendiar una casa. Luego de copiar los Arts. 62 y 63 del Código Penal, este Tribunal se expresó así:

"Se verá de este modo que lo que castiga el código penal es la confabulación de dos ó más personas para realizar un acto que es ya un crimen en sí mismo ó que está expresamente prohibido por el capítulo que trata de la conspiración. Si se conspira para cometer un delito, no es necesario que se alegue ó muestre que las partes que conspiran hayan realizado algún otro acto. Si el convenio es para hacer algunas de las cosas expresadas en los párrafos 2, 3, 4, ó 5 del artículo 62, debe llevarse á cabo algún otro acto además del convenio para poner en práctica el objeto del mismo, por una ó más de las partes convenidas. En otras palabras, un mero acuerdo para hacer una cosa que en sí no es un crimen, no es punible por la ley vigente en Puerto Rico. Por lo tanto una denuncia fundada en conspiración debe hacerse de modo que la persona acusada tenga conocimiento del cargo que se le hace, ya sea un acuerdo para cometer un delito ó para hacer alguna otra cosa prohibida por la ley acerca de la conspiración. Si el hecho objeto del convenio no está prohibido por el código penal, tienen entonces los acusados el derecho de que se les informe en cuanto á la naturaleza de la supuesta conspiración y con respecto á los actos que ellos ó alguno de los mismos se proponen llevar á cabo." (10 D.P.R. pág. 546.)

Aparentemente se usó este lenguaje por que tratándose allí de un convenio para incendiar una casa, por disposición expresa del Art. 63 no era necesario alegar ni probar el acto ulterior (*overt act*). Sin embargo, no encontramos base en la ley para el pronunciamiento terminante que se hace en dicha decisión al efecto de que "si se conspira para cometer un delito, no es necesario que se alegue o muestre que las partes que conspiran hayan realizado algún otro acto. Si el convenio es para hacer algunas de las cosas expresadas en los párrafos 2, 3, 4 ó 5 del artículo 62, debe llevarse a cabo algún otro acto además del convenio para poner en práctica el objeto del mismo, por una o más de las personas conveni-

654

das". El lenguaje usado en el Art. 63 no puede·dar margen a tal interpretación equívoca. Es ese precisamente el precepto legal que exige el acto ulterior (*overt act*) para que el convenio constituya conspiración. Las únicas excepciones que establece dicho precepto son cuando el convenio *es para cometer un delito grave* contra alguna persona, o para cometer *el delito de incendiar o asaltar moradas*. (⁵)

▉ En el presente caso el convenio alegado era para cometer el delito de juegos prohibidos. No es éste pues uno de los casos en que por excepción de ley, no se requiera como elemento integrante del delito, un acto ulterior (*overt act*).

La acusación formulada contra los apelantes les imputa haber conspirado para infringir las disposiciones legales que prohiben los juegos de azar y puestos así de acuerdo invitaron a Carlos Martir Santiago a concertar con ellos y formar parte de una jugada de barajas por dinero. No hay alegación alguna sobre algún acto o actos ulteriores que realizaron los apelantes para llevar a cabo el mencionado juego de barajas. Si convinieron en jugar juegos de azar pero no realizaron ningún acto ulterior para llevar a cabo dichos juegos, no incurrieron en la comisión del delito de conspiración. Como la acusación no alega tal acto ulterior (*overt act*), no imputa delito público.

▉ En lo que no podemos convenir con los apelantes es en que un convenio para jugar juegos de azar prohibidos, no constituye conspiración, a base de la doctrina conocida como el '*Wharton's Rule*'. De acuerdo con dicha doctrina un acuerdo para cometer un delito que sólo puede ser realizado por la acción concertada de dos personas no constituye conspiración. Se ha aplicado mayormente en casos de adulterio, soborno y prófugos de la justicia, limitada a los casos en que los participantes esenciales eran los únicos conspiradores; pero cuando más personas de las que son esencialmente necesa-

---

(⁵) "Asaltar moradas" es una traducción errónea de "*burglary*" que significa "*escalamiento*".

rias para la comisión del delito objeto de la conspiración, participan en ésta, no se aplica dicha doctrina. 16 Am. Jur.2d, sec. 16 y casos allí citados; 91 A.L.R.2d 1148; *People v. Purcell*, 26 N.E.2d 153.

*Se revocará la sentencia apelada y se ordenará el archivo de la acusación.*

El Juez Asociado Señor Santana Becerra no intervino.