EL PUEBLO DE PUERTO RICO, peticionario, *v.* TRIBUNAL SUPERIOR, SALA DE SAN JUAN, HON. GERARDO CARREIRA MÁS, JUEZ, demandado.

*Número:* 0-67-91     *Resuelto:* 3 de mayo de 1967

*J. B. Fernández Badillo, Procurador General,* y *J. F. Rodríguez Rivera, Subprocurador General,* abogados del peticionario; *Nicolás Torres Marrero,* abogado del interventor Joseph Anthony Tursi.

EL JUEZ ASOCIADO SEÑOR PÉREZ PIMENTEL emitió la opinión del Tribunal.

El fiscal formuló una acusación por el delito de conspiración contra Frank Cangiano, Joseph Anthony Tursi y A. L. Ramos. En lo pertinente dicha acusación lee así:

"Que los referidos acusados Frank Cangiano, Joseph Anthony Tursi y A. L. Ramos, allá para la semana del 29 de junio de 1966, en San Juan y Carolina, Puerto Rico, que forman parte del Tribunal Superior de Puerto Rico, Sala de San Juan, ilegal, voluntaria, maliciosa y criminalmente, y a sabiendas y actuando de común acuerdo y en concierto entre ellos y con otras personas, violaron lo dispuesto en el artículo 62 del Código Penal de Puerto Rico (33 LPRA 161), consistente en que conspiraron para cometer el crimen o delito previsto por el Artículo 14 de la Ley Hípica de Puerto Rico (Ley 149 del 22 de julio de 1960), según enmendada, en el sentido de que directamente o indirectamente sobornaron y por otros medios influyeron con un jockey y/o jockeys con el propósito de que dicho jockey y/o jockeys impidieran el desarrollo normal de la quinta carrera celebrada en el Hipódromo El Comandante de Puerto Rico, en fecha 29 de junio de 1966, y/o impidieron que el caballo o los caballos montados por dicho jockey o jockeys realizaran su máximo esfuerzo en la quinta carrera ya referida del mismo sitio y fecha."

El fiscal formuló otra acusación contra A. L. Ramos y Frank Cangiano por el mismo delito de conspiración para cometer el delito previsto en el Art. 14 de la Ley Hípica de Puerto Rico. La acusación está redactada en términos iguales a la copiada anteriormente a excepción de la fecha del desarrollo de las carreras, que en esta última se alegó fue el 8 de julio de 1966.

Los acusados en ambos casos solicitaron la desestimación de las acusaciones por el fundamento de que los hechos expuestos en las mismas no constituyen delito toda vez que no se alega la ejecución de algún acto (*overt act*) de por lo menos uno de los conspiradores como primer paso hacia la realización del objeto de la conspiración y citaron en apoyo

de su contención nuestra decisión en el caso de *Pueblo* v. *Vélez Rivera*, 93 D.P.R. 649 (1966).

El tribunal de instancia declaró con lugar la moción de los acusados y desestimó las acusaciones.

Expedimos una orden dirigida al juez sentenciador y a los acusados para que mostraran causas por las cuales no debía expedirse el auto de *certiorari* solicitado por el Procurador General y anularse las resoluciones desestimando las acusaciones.

Los acusados interventores comparecieron y expusieron causas por las cuales no debía accederse a lo solicitado por el Procurador General.

A los acusados se les imputó como objeto de la conspiración la violación del Art. 14 de la Ley Hípica de Puerto Rico, que dispone:

"Todo *jockey* que por medios fraudulentos, ilegales o ilícitos impida el desarrollo normal de una carrera o impida que el caballo que monte él u otro *jockey* en una carrera pueda realizar su máximo esfuerzo físico; todo dueño de caballo, funcionario o empleado hípico, *o cualquier otra persona que directa o indirectamente soborne o por cualquier otro medio influyere con un jockey, con el propósito de que dicho jockey por medios fraudulentos, ilegales o ilícitos impida el desarrollo normal de una carrera o impida que el caballo que monte él u otro jockey en una carrera celebrada en los hipódromos de Puerto Rico realice su máximo esfuerzo,* o toda persona que permita que se administre o administrare alguna droga a cualquier caballo que haya de correr, con el propósito de debilitar o estimular la resistencia del animal, o todo *jockey* que aplique, o trate de aplicar, una batería eléctrica o cualquier artefacto similar a cualquier caballo que participe en una carrera, con el propósito de estimular a dicho animal, o cualquier persona que incite a un *jockey,* o trate de incitar a un *jockey* a aplicar una batería eléctrica o cualquier artefacto similar a cualquier caballo que participe en una carrera de las que se celebren en los hipódromos de Puerto Rico, con el propósito de estimular a dicho animal, será culpable de delito menos grave . . . ." (Énfasis nuestro.)

No puede sostenerse, como alegan los interventores, que las acusaciones dejen de exponer algún *overt act*. Ellos, según las acusaciones, conspiraron para violar el Art. 14 de la Ley Hípica. Según hemos visto, esta ley declara incurso en un delito menos grave a cualquier persona que directa o indirectamente soborne o influyere con un *jockey*, (1) con el propósito de que dicho *jockey* por medios fraudulentos, ilegales o ilícitos impida el desarrollo normal de una carrera, (2) o impida que el caballo que monte él u otro *jockey* en una carrera celebrada en los hipódromos de Puerto Rico realice su máximo esfuerzo.

Las acusaciones imputan a los acusados interventores que actuando de común acuerdo y en concierto, (1) sobornaron y por otros medios influyeron con un *jockey* y/o *jockeys* con el propósito de que éstos impidieran el desarrollo normal de la quinta carrera celebrada en el Hipódromo El Comandante, en las fechas que se indican en cada acusación, y/o (2) impidieran que el caballo o caballos montados por dicho *jockey* o *jockeys* realizaran su máximo esfuerzo en la referida quinta carrera.

No se alega aquí, como ocurrió en el caso de *Pueblo* v. *Vélez Rivera*, supra, de que los acusados actuando de común acuerdo y en concierto invitaron a otras personas a sobornar uno o más *jockeys* para que impidieran el desarrollo normal de las carreras o impidieran que los caballos montados por dicho *jockey* o *jockeys* realizaran su máximo esfuerzo, y que luego no realizaran ningún otro acto posterior para llevar a cabo el objeto de la conspiración. A los acusados se les imputa específicamente el haber sobornado y por otros medios, influido con uno o más *jockeys* con el propósito expuesto en las acusaciones. De suerte que se alega, como primer paso hacia la realización del objeto de la conspiración, haber sobornado y/o haber influido con uno o más *jockeys* para lograr el propósito último, que era el de impedir el desarrollo normal de una carrera y/o el de impedir que los caballos montados

por el *jockey* o *jockeys* sobornados y/o influenciados realizaran su máximo esfuerzo.

Imputando ambas acusaciones la comisión de un delito de conspiración cometió error el tribunal de instancia al ordenar su desestimación.

*Por las razones expuestas, se expedirá el auto de certiorari, se revocarán y dejarán sin efecto las resoluciones desestimando las acusaciones y se devolverán los casos para ulteriores procedimientos.*

El Juez Asociado Señor Rigau no intervino.