EL PUEBLO, DEMANDANTE Y APELADO, *v.* VEGA, ACUSADO Y
APELANTE.

APELACIÓN procedente de la Corte de Distrito de Guayama
en causa de ataque con intención de cometer violación.

No. 664.—Resuelto en abril 21, 1914.

VIOLACIÓN—ESENCIA DEL DELITO.—El delito de violación esencialmente consiste
en el ultraje inferido a la persona y sentimientos de la mujer y envuelve
siempre la falta de consentimiento de ésta.

ID.—FALTA DE CONSENTIMIENTO DE LA OFENDIDA—MUJER MENOR DE 14 AÑOS—
PRESUNCIÓN.—La falta de consentimiento de la ofendida en un caso de vio-
lación se manifiesta por su resistencia, cuando ella está en el pleno dominio
de sus facultades, y otras veces se presume cuando es menor de 14 años, o
no tiene conciencia de la naturaleza del acto al tiempo de su realización, o se
somete en la creencia de que el acusado es su marido, etc.

ID.—ACUSACIÓN—DUPLICIDAD DE CARGOS.—El hecho de alegarse en la acusación
que el acusado yació con una mujer, que no es su esposa, menor de 14 años
y que venció la resistencia opuesta por ella por medio de la fuerza, no implica
duplicidad de cargos.

ID.—PRUEBAS—DIRECCIÓN DEL JUICIO—DISCRECIÓN DEL TRIBUNAL SENTENCIADOR.—
La dirección de un juicio es cuestión que descansa en gran manera en la
discreción de la corte, y tendría que demostrarse que la corte había abusado
de su poder discrecional para revocar una sentencia por errores cometidos
en el ejercicio de esa facultad.

ID.—EDAD DE LA OFENDIDA—DECLARACIÓN DE LA MISMA—ESTOPPEL.—El acusado
que no se opone a la declaración de la ofendida con respecto a su edad, está
impedido de alegar en apelación la falta de prueba de dicha edad. En este
caso dicha declaración ha sido, además, corroborada.

ID.—VEREDICTOS—ATAQUE CON INTENCIÓN DE COMETER VIOLACIÓN.—El delito de
ataque con intención de cometer violación estaba necesariamente compren-
dido en el de violación que se imputó al acusado, vista la acusación y aten-
dido el resultado de las pruebas, y por tanto el veredicto declarándolo cul-
pable del primer delito es correcto, de acuerdo con el artículo 286 del Código
de Enjuiciamiento Criminal y la jurisprudencia que se cita.

Los hechos están expresados en la opinión.

Abogado del Pueblo: *Sr. Charles E. Foote, fiscal.*

Abogado del apelante: *Sr. Luis Muñoz Morales.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tri-
bunal.

El presente es un recurso de apelación interpuesto contra
sentencia de la Corte de Distrito de Guayama por virtud

de la cual se condenó a Leocadio Vega a sufrir la pena de 10 años de presidio con trabajos forzados, como autor de un delito de ataque con intención de cometer violación.

La acusación, en lo pertinente, dice así:

"El acusado que arriba se expresa, allá por el día 22 de marzo de 1913 y en Cayey, barrio Monte Llano, que forma parte de este Distrito Judicial de Guayama, P. R., ilegal, voluntaria, maliciosa y criminalmente, atacó a la niña menor de catorce años Alejandrina del Valle, con intención de violarla, y valiéndose de la fuerza y la violencia, realizó con ella un acto de *sexual intercourse* o concúbito carnal sin el consentimiento y contra la voluntad de la mencionada niña que no era allí ni entonces esposa del acusado."

Leída la acusación al acusado, éste alegó su inocencia y solicitó juicio por jurados. Señalada la vista para el 25 de junio de 1913, comparecieron ambas partes, y el acusado, con permiso de la corte, retiró su alegación y presentó una excepción sosteniendo, (*a*) que la acusación no se ajustaba a los artículos 70 y 71, Nos. 2 y 3, del Código de Enjuiciamiento Criminal, y (*b*) que se imputaba en ella más de un delito público. Argumentada la excepción fué declarada por la corte sin lugar.

Entonces el acusado presentó una moción a los efectos de que apareciendo en la acusación tres cargos distintos a saber: tentativa de violación, violación por fuerza y violencia y violación por ser menor de catorce años la perjudicada, el Fiscal debía elegir el cargo que finalmente iba a sostener. El Fiscal manifestó que elegía ambos cargos, el de que la perjudicada era menor de catorce años y el de que hubo fuerza y violencia. Acto seguido el acusado presentó otra moción a fin de que el Fiscal dijera cuál acto de *sexual intercourse* había realizado el acusado. El Fiscal se opuso y la corte declaró sin lugar la moción, anotando su excepción el acusado.

Resueltas de tal modo las cuestiones previas suscitadas, volvió el acusado a alegar su inocencia y continuó la cele-

bración del juicio. El acusado pidió que un médico a quien intentaba presentar como perito, permaneciera en la sala escuchando declarar a los testigos. El Fiscal se opuso, la corte sostuvo su oposición y el acusado excepcionó la regla de la corte.

Practicadas las pruebas de ambas partes, la corte dió sus instrucciones al jurado y éste declaró al acusado culpable del delito de ataque con intención de cometer violación, dictándose luego, en su oportunidad, por la corte, la sentencia a que nos hemos referido.

En el alegato presentado por la parte apelante ante esta Corte Suprema, sólo se sostiene que la prueba practicada no es suficiente, (*a*) para demostrar que el acusado ejerció fuerza y violencia, y (*b*) para establecer que la perjudicada era menor de catorce años. Al parecer, el apelante abandona las cuestiones previas que suscitó en los comienzos de la vista. Esto no obstante, las hemos considerado con la debida atención.

A nuestro juicio si bien la acusación en este caso no puede presentarse como un modelo de perfección, es lo cierto que informa con suficiente claridad al acusado del delito que le imputa a los fines de la preparación de su defensa, y es lo cierto también que se refiere a un solo delito, el de violación, previsto en el artículo 255 del Código Penal.

El delito de violación puede cometerse en las varias formas que expresa el citado artículo 255, siendo dos de ellas que la víctima sea menor de catorce años y que se venza la resistencia que la ofendida oponga por medio de la fuerza. Dicho delito esencialmente consiste en el ultraje inferido a la persona y sentimientos de la mujer y envuelve siempre la falta de consentimiento de ésta. En algunos casos esa falta de consentimiento debe manifestarse por la resistencia, como cuando la mujer está en el pleno dominio de sus facultades, mientras que en otros se presume, como cuando la mujer es menor de catorce años, o al tiempo de realizar el acto no

tiene conciencia de su naturaleza, o se somete en la creencia de que el acusado es su marido, etc.

El hecho de alegarse en la acusación que el acusado yació con una mujer, que no es su esposa, menor de catorce años y que venció la resistencia opuesta por ella por medio de la fuerza, no implica duplicidad de cargos.

La Corte Suprema de Tennessee, en el caso de *De Berry* v. *State,* 99 Tenn., 208, 212, se expresa como sigue:

"No estamos conformes con la interpretación que el abogado da al primer cargo que se hace en esta acusación. A juicio nuestro, al acusado claramente se le imputa el crimen de haber forzado a una niña menor de 10 años. Al hacer la acusación de violación, el Fiscal dice que hubo acometimiento y agresión en la persona de esta niña menor de diez años para tener con ella comercio carnal y cometer violación, y que por la fuerza bruta y contra la voluntad de la niña, el acusado, ilegal, criminal y voluntariamente, la forzó y tuvo con ella comercio carnal. No encontramos que en este cargo haya el elemento de incompatibilidad, ni de duplicidad, ni de ambigüedad y, por consiguiente, la moción para sobreseer fué justamente desestimada."

Y la Corte Suprema de California en el caso de *People* v. *Tyler,* 35 Cal., 553, 554, dice:

"Habiéndose imputado el delito principal y además el de acometimiento para cometerlo, la alegación de que en la acusación se imputan dos delitos es insostenible."

En cuanto al hecho de no haberse permitido al perito del acusado escuchar las declaraciones de los testigos de cargo, diremos que el acusado no demostró la necesidad de que se adoptara tal medida. El perito declaró luego, el acusado pudo interrogarlo tomando como base las declaraciones de los testigos de cargo y no se ha demostrado que se le causara perjuicio alguno. Además, la dirección de un juicio es cuestión que descansa en gran manera en la discreción de la corte, y tendría que demostrarse que la corte había abusado de su poder discrecional para revocar una sentencia por errores cometidos en el ejercicio de esa facultad.

Veamos ahora si existe o nó prueba de que la ofendida en este caso era menor de catorce años al tiempo de perpetrarse el delito. Ella misma declaró en el acto de la vista que tenía "diez años entrando en once." El acusado no se opuso a que hiciera esa manifestación y está ahora impedido de impugnarla. En un caso de violación, el de *El Pueblo* v. *de Jesús,* 18 D. P. R., 591, esta corte sostuvo la siguiente doctrina:

"El acusado que permite sin objeción alguna la presentación de prueba testifical para probar la edad de la víctima, renuncia a la presentación de otra evidencia mejor que pueda existir y es por tanto ocioso que este tribunal resuelva en este caso, si la certificación de nacimiento del registro civil es la mejor prueba para justificar la edad de la perjudicada."

Además, la declaración de la ofendida se encuentra en cierto modo corroborada por las declaraciones de los otros testigos que se refieren siempre a ella como a una niña y, sobre todo, por el examen directo que de su persona pudo hacer el jurado cuando compareció a declarar ante el mismo. El acusado no suscitó esta cuestión en la corte inferior. Por el contrario, cuando llamó a declarar a su perito médico el Dr. Giol, no le preguntó sobre la edad de la niña sino que comenzó su interrogatorio hipotético precisamente diciendo: "Si en su profesión se le presentara una niña aparentemente de diez a once años de edad * * *." Véase el caso de *El Pueblo* v. *Rojas,* 16 D. P. R., 251.

A nuestro juicio el extremo de la edad de la ofendida quedó comprobado y como la prueba con respecto al hecho de haberla el acusado violado o por lo menos atacado con intención de violarla es clara, procede la confirmación de la sentencia.

Como hemos indicado, la acusación imputó directamente al acusado el delito de violación y esto no obstante el jurado lo declaró culpable del de ataque con intención de cometer violación. Atendidos los términos en que está redactada la

acusación, esto es, que el acusado "atacó a la niña   *   *   *
con intencion de violarla" y al resultado de la prueba que
demuestra que el acusado sabiendo que la niña Alejandrina
del Valle tenía que pasar por determinado camino, se escon-
dió en una pieza de caña que crecía a su orilla, y cuando la
niña pasó en efecto, la cogió, le tapó la boca con un pañuelo,
la llevó cargada a la pieza, etc., opinamos que el delito de
ataque con intención de cometer violación estaba necesaria-
mente comprendido en el de violación que se imputó al acu-
sado, y que, por tanto, el veredicto es correcto de acuerdo
con lo prescrito en el artículo 286 del Código de Enjuicia-
miento Criminal, y con la doctrina sentada en los casos de
*State* v. *Cross,* 12 Iowa, 66, y otros del mismo Estado, citados
en 79 Am. Dec., 523 y 524.

Debe declararse sin lugar el recurso y confirmarse la sen-
tencia apelada.

*Confirmada la sentencia apelada.*


Jueces concurrentes: Sres. Presidente Hernández y Aso-
ciados Wolf y Aldrey.