El Pueblo de Puerto Rico, demandante y apelado, *v.* José Irizarry, acusado y apelante.

Núm. 7349.—*Sometido:* Enero 19, 1939. *Resuelto:* Enero 25, 1939.

*Gelpí & Gelpí,* abogados del apelante; *R. A. Gómez, Fiscal,* abogado de El Pueblo, apelado.

El Juez Asociado Señor Travieso emitió la opinión del tribunal.

El fiscal de la Corte de Distrito de Mayagüez radicó contra José Irizarry una acusación que en lo pertinente lee así:

"El referido acusado José Irizarry, allá en o por el día 16 de noviembre de 1937, y en Mayagüez, P. R., que forma parte del Distrito Judicial de Mayagüez, P. R., ilegal, voluntaria y maliciosamente tenía en su poder y posesión con el fin de dedicarla al consumo humano, leche de vaca adulterada."

Contra esa acusación presentó el acusado el día de la vista una excepción perentoria de falta de hechos, y en apoyo

de la misma alegó que, de acuerdo con la sección primera de la Ley núm. 77, aprobada en 12 de agosto de 1925 (pág. 559), el delito lo comete "toda persona que adulterare o diluyere leche y toda persona que la vendiere, ofreciere o tuviere en venta, o que la transportare o almacenare con el fin de dedicarla al consumo humano y *toda persona que usare* leche adulterada o diluída para fines industriales, cuando se destine a la preparación de alimentos para el consumo humano . . ," pero no el que la tiene en "poder y posesión con el fin de dedicarla al consumo humano." Replicó el fiscal de distrito que ". . . centenares de casos (*sic*) han sido condenados por el delito de tener en posesión y en su poder leche de vaca adulterada con el fin de dedicarla al consumo humano." Declarada sin lugar la excepción, el acusado admitió los hechos alegados en la acusación, en vista de lo cual la corte le declaró culpable y le condenó a pagar una multa de $25, o en su defecto a sufrir un día de cárcel por cada dólar que dejare de satisfacer, más las costas. El acusado apeló.

La corte inferior cometió el alegado error manifiesto de no absolver perentoriamente al acusado por insuficiencia de los hechos alegados en la denuncia. Un estudio de la jurisprudencia sentada por este tribunal en casos recientes hubiera sido suficiente para evitar la comisión de tal error.

En *El Pueblo* v. *Rivera,* 43 D.P.R. 922, dijimos:

". . . La adulteración es la base. Por sí misma sería quizá tiempo y dinero malamente perdidos y nada más. Cuando hecha se introduce la substancia adulterada en el comercio de los hombres, realizándose el engaño y el daño a la salud, es que surge en verdad el acto delictivo."

En *El Pueblo* v. *Segarra,* en una opinión *per curiam* de julio 6, 1938 (53 D.P.R.), revocamos la sentencia y absolvimos a los acusados, diciendo:

"Por cuanto de la prueba practicada se desprende únicamente que los acusados operaban un establecimiento de provisiones dentro del cual tenían una nevera; que los inspectores de Sanidad encon-

traron un litro de leche de vaca adulterada dentro de la misma; que el perito químico que realizó el análisis declaró que la leche podía ser de la conocida en el mercado por el nombre de 'Klim' o evaporada, *sin presentarse prueba directa o circunstancial de que la leche iba a ser usada para fines industriales o de venta.*'' (Bastardillas nuestras.)

*Debe revocarse la sentencia recurrida.*