EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* PEDRO REMBERTO FAGOT, acusado y apelante.

*Número:* CR-64-382 *Resuelto:* 7 de abril de 1965

*Pascual F. Lanauze,* abogado del apelante; *J. B. Fernández Badillo, Procurador General,* y *Elpidio Arcaya, Procurador General Auxiliar,* abogados de El Pueblo.

Sala integrada por el Juez Asociado Señor Belaval como Presidente de Sala y los Jueces Asociados Señores Hernández Matos y Santana Becerra.

PER CURIAM: Se imputó en acusación fiscal a Pedro Remberto Fagot y a otro el que ilegal, voluntaria, maliciosa y criminalmente, y actuando en concierto y de común acuerdo, "tenían como pura, y para ser destinada al consumo humano como tal, leche de vaca adulterada con agua, añadida artificialmente." El Pueblo pasó la prueba de cargo y Fagot solicitó la absolución perentoria por cuanto la acusación no

imputaba la comisión de delito público. La Sala sentenciadora desestimó el planteamiento, declaró culpable al apelante y le impuso el pago de una multa de $25.00.

Dispone la Sec. 1 de la Ley Núm. 77 de 12 de agosto de 1925 que castiga la adulteración de leche, según fue enmendada por la Núm. 77 de 17 de junio de 1955, en lo pertinente, que toda persona que adulterare o diluyere leche y toda persona que, así adulterada o diluida la vendiere, ofreciere, o tuviere en venta, o que la transportare o almacenare con el fin de dedicarla al consumo humano, . . . será culpable de delito menos grave. Ante la disposición de ley original, esencialmente igual a la transcrita, en *Pueblo* v. *Irizarry*, 54 D.P.R. 143 (1939), consideramos una acusación que imputaba al acusado que "ilegal, voluntaria y maliciosamente tenía en su poder y posesión con el fin de dedicarla al consumo humano, leche de vaca adulterada." Sostuvimos en dicho caso que la acusación de plano dejaba de imputar la comisión de delito público. Ratificamos ese fallo en *Pueblo* v. *Zapata*, 54 D.P.R. 145 (1939). Véanse: *Pueblo* v. *Arroyo* (Per Curiam), 61 D.P.R. 976 (1943) que sigue a *Irizarry*; *Pueblo* v. *Acosta Padilla*, 56 D.P.R. 138, 140 (1940); *Pueblo* v. *Reyes*, 56 D.P.R. 462 (1940); *Pueblo* v. *Almodóvar*, 56 D.P.R. 534 (1940); *Pueblo* v. *Palacios*, 66 D.P.R. 961, 962 (1947), donde dijimos: "Estamos de acuerdo con el Fiscal de este Tribunal en que la sección 1 de la Ley núm. 77, Leyes de Puerto Rico, 1925, provee diferentes maneras en que se comete un solo delito.([2]) La Legislatura estaba atacando a un solo mal—consumo humano de leche adulterada—cuando dispuso que constituiría delito la (1) adulteración, (2) venta, ofrecer o tuviere en venta, y (3) la transportación de leche adulterada para dedicarla al consumo humano. Cada uno de estos actos es, por lo tanto, una manera diferente de cometer el delito establecido por la sección 1."

En *Martínez* v. *People of Porto Rico*, (1st Cir. 1931), 46 F.2d 427 la Corte de Apelaciones del 1er. Circuito expresó

que la frase de la Sec. 1 de la Ley Núm. 77 de 1925 "con el fin de dedicarla al consumo humano" califica todos los actos sustantivos o sea (1) venta, (2) ofrecer o tener en venta y (3) transportar o almacenar.

*Se revocará la sentencia y se absolverá al apelante.*