EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* RAMONA CRUZ MORALES, acusada y apelante.

*Número:* CR-68-49     *Resuelto:* 14 de noviembre de 1968

*Benjamín Ortiz* y *Hernán Longoria,* abogados de la apelante; *Rafael A. Rivera Cruz, Procurador General, J. F. Rodríguez Rivera, Subprocurador General,* y *Américo Serra, Procurador General Auxiliar,* abogados de El Pueblo.

PER CURIAM: Convicta la apelante de dos infracciones a la Ley Núm. 220 de 1948 (33 L.P.R.A. sec. 1250), y sentenciada a la pena de seis meses de cárcel en cada caso, a ser cumplidas estas penas concurrentemente, apunta, en síntesis, que el tribunal de instancia incidió al apreciar la prueba, que ésta fue insuficiente para sostener la convicción y que el caso debió verse ante jurado y no por tribunal de derecho de acuerdo con lo resuelto en *Duncan* v. *Louisiana,* 391 U.S. 145 (1968).

■ Presumiendo, sin resolver, que la doctrina de *Duncan,* supra, es de aplicación, la misma no está disponible para la apelante (1) ya que su juicio se celebró antes del 20 de mayo de 1968. *De Stefano* v. *Woods,* 392 U.S. 631 (1968); y (2) para casos de delitos menos graves donde la pena es tanto como dos años de reclusión. *Jones* v. *Louisiana*—36 L.W. 3470 (11 de junio de 1968)—392 U.S. 302 (1968).

■ Los apuntamientos basados en la apreciación y suficiencia de la prueba no tienen mérito.

■ El hecho de que el agente encubierto viese a la apelante vender bolita en varias ocasiones y no la arrestase no hace de dudosa credibilidad su testimonio pues explicó no lo hizo para no identificarse ya que su misión era conseguir la mayor cantidad de evidencia posible contra el mayor número de personas que violaran la ley de la bolita.

Como indica el Procurador General:

"No tiene importancia alguna el hecho de que el agente no pudiera recordar las personas a quienes la acusada le vendió en anteriores ocasiones, ni la forma en que ella estaba vestida cuando le vendió a él por primera vez. El agente explicó las formas y los sitios en que ocurrieron las transacciones, la naturaleza de su trabajo, el término durante el cual se extendió la

investigación y el área cubierta. Además, dicho agente conservó las anotaciones tomadas a raíz de las transacciones con la acusada, las cuales fueron admitidas en evidencia. El testimonio del agente encubierto cumplió, pues, con las normas mínimas establecidas en *Pueblo* v. *Ayala Ruiz*, 93 D.P.R. 704 (1966), y es suficiente para sostener las condenas. Véanse *Pueblo* v. *Rivera,* sentencia de 10 de abril de 1968; *Pueblo* v. *Martínez*, sentencia de 10 de mayo de 1968.

Por otro lado, el hecho de que el agente anotara en sus informes que la acusada había *apuntado* los números y que durante el juicio declarara que ella había *tachado* los números, no tiene la importancia que pretende atribuirle la apelante. En su testimonio oral el agente explicó que se había equivocado al anotar que ella había *apuntado* los números, ya que realmente ella los había *tachado*. Claramente, esta pequeña equivocación del agente no debe constituir base para la revocación de las sentencias." (Énfasis en el original.)

*Por lo tanto, se confirman las sentencias dictadas en este caso por el Tribunal Superior, Sala de Mayagüez, en 3 de enero de 1967.*

El Juez Asociado Señor Santana Becerra concurre con el resultado.

—O—

Voto concurrente del Juez Asociado Señor Santana Becerra

San Juan, Puerto Rico, a 14 de noviembre de 1968

Al concurrir en la confirmación de la sentencia apelada deseo expresar—como lo hice también en *Pueblo* v. *Ramón Morales*, Cr-68-115, Sentencia de 25 de octubre de 1968— por lo que pueda inferirse de lo expuesto en el segundo párrafo de la Opinión Per Curiam en este caso, que no estoy aceptando implícitamente la vigencia en el Estado Libre Asociado de Puerto Rico de la decisión del Tribunal Supremo de los Estados Unidos emitida en *Duncan* v. *State of Louisiana*, 391 U.S. 145, y que extendió a los Estados, a través de la Enmienda XIV, el derecho a proceso por Jurado de la Sexta Enmienda.