EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JOSÉ RIVERA ALVIRA, acusado y apelante.

*Número:* CR-68-163     *Resuelto:* 25 de marzo de 1969

*Manuel López Carrillo,* abogado del apelante; *Rafael A. Rivera Cruz, Procurador General, J. F. Rodríguez Rivera, Subprocurador General,* y *Lydia Nieves Franqui, Procuradora General Auxiliar,* abogados de El Pueblo.

PER CURIAM: El apelante fue convicto por tribunal de derecho y sentenciado a cumplir seis meses de cárcel por una infracción al Art. 4 de la Ley de Armas, consistente, según la acusación, en que allá para el día 8 de agosto de 1965 y en la municipalidad de Fajardo ". . . ilegal, voluntaria, maliciosa y criminalmente, sin ser ello en ocasión de su uso como instrumento propio de un arte, deporte, profesión, ocupación u oficio, portaba y conducía un cuchillo, el que usó en la comisión del delito público de homicidio voluntario contra Severiano Garay Ramos."

Un jurado absolvió al apelante del indicado delito de homicidio voluntario.

Apunta en este recurso 1) que la sentencia en el caso de portar armas es ilegal y nula porque al ser absuelto el acusado del delito de homicidio también lo fue por el de portar armas, y 2) que al acusado no se le dio la oportunidad de solicitar juicio por jurado en el caso de portar armas en violación del debido procedimiento de ley.

El apelante no ha elevado a este Tribunal la transcripción de la evidencia según manifiesta en su alegato . . . "porque las únicas dos cuestiones de discutir surgen de y están basadas en las alegaciones de las acusaciones . . . ."

Está equivocado. Sin la transcripción de la evidencia no nos ha puesto en condiciones de resolver su primer apuntamiento basado en el caso de *Pueblo* v. *Cruz Collazo*, 95 D.P.R. 651 (1968). La acusación imputa al acusado una infracción al Art. 4 de la Ley de Armas y dos de sus modalidades, a saber: (1) La portación y conducción de un cuchillo en ocasión en que no se usaba como instrumento propio de un arte, deporte, profesión, ocupación u oficio, y (2) El uso de ese cuchillo en la comisión de un delito de homicidio voluntario.

En el caso de *Pueblo* v. *Cruz Collazo*, supra, resolvimos que cuando la prueba no establece la conducción, portación o transportación de un cuchillo sino su uso en la

comisión de un delito y es absuelto de éste por un jurado, la imputación por violación de la Ley de Armas, queda también resuelta por el veredicto del jurado. En dicho caso dimos énfasis al hecho de que no se había probado la portación del arma ya que el suceso ocurrió dentro del establecimiento del acusado donde tenía el cuchillo. "No se trata"—dijimos— "de la situación en que según nuestra doctrina, absuelto por el jurado de la muerte criminal, o de la agresión criminal para dar muerte, cualesquiera que fueran las razones para la absolución, el Tribunal de derecho puede, no obstante, declarar convicto a un acusado de la portación del arma que se alega usó, bajo la apreciación distinta de la prueba por parte del Magistrado. Aquí el récord no probó la portación o conducción."

■ En ausencia de la transcripción de la evidencia no podemos determinar si hubo o no prueba de la conducción y portación del cuchillo. En su consecuencia no tenemos base para determinar que el error apuntado fue cometido.

■ Sostiene el apelante que conforme a las disposiciones de la Regla 111 de Procedimiento Criminal, tenía derecho a juicio por jurado. No tiene razón. El acusado tiene derecho a juicio por jurado en casos de delitos menos grave (*misdemeanor*) siempre que la acusación se presentare originalmente en el Tribunal Superior, salvo lo dispuesto en leyes especiales. Precisamente, la Ley de Armas, en su Art. 33 (25 L.P.R.A. sec. 443), dispone que los casos por violación a la Ley de Armas ante el Tribunal Superior serán por tribunal de derecho. Véase *Pueblo* v. *Rivera*, 75 D.P.R. 425 (1953). Claro está al entrar en vigor nuestra Constitución tal disposición respecto a los delitos graves quedó implícitamente derogada pero subsiste en cuanto a los delitos menos grave (*misdemeanors*).

■ Para sostener su derecho a juicio por jurado el apelante invoca además la doctrina del caso de *Duncan* v.

*Louisiana*, 20 L.Ed.2d 491, resuelto en 20 de mayo de 1968. De ser aplicable en Puerto Rico la citada doctrina, la misma no está disponible para el apelante cuyo juicio se celebró el día 20 de diciembre de 1965. *Pueblo* v. *Delgado Martínez*, 96 D.P.R. 720 (1968); *Pueblo* v. *Cruz Morales*, 96 D.P.R. 666 (1968); *Pueblo* v. *Ramón Morales*, Sentencia de 24 de octubre de 1968.

*Se confirmará la sentencia apelada.*