EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* MIGUEL FELICIANO RIVERA, acusado y apelante.

*Número:* CR-70-15      *Resuelto:* 1ro. de febrero de 1971

*Rafael Martínez Rivera,* abogado del apelante; *Gilberto Gier-bolini, Procurador General,* y *Adolfo Negrón Cruz, Procurador General Auxiliar,* abogados de El Pueblo.

El Juez Asociado Señor Rigau emitió la opinión del Tribunal.

La prueba demuestra que el apelante penetró ilegalmente en horas de la noche en una residencia, por la cocina, y al encontrarse allí a una de las tres hijas de la casa, quien en esos momentos iba para el baño, le tiró con un cuchillo pero ésta esquivó la agresión y gritó pidiendo auxilio. Inmediatamente acudió una hermana suya mayor y al verla el apelante se dio a la fuga.

El apelante fue acusado de tres delitos: (1) Escalamiento en primer grado, consistente en haber penetrado ilegalmente en dicha residencia, de noche y con la intención de cometer hurto o ratería; (2) de acometimiento grave; y (3) de infracción al Art. 4 de la Ley de Armas, consistente en que en el momento de los hechos portaba ilegalmente un cuchillo con una hoja de aproximadamente siete pulgadas de largo y que lo portaba en momentos en que acometió a Ivette Feliciano, sin lograr herirla.

Los tres casos se ventilaron conjuntamente. Antes del juicio el acusado presentó una moción informando al tribunal

que presentaría una defensa de coartada pero no lo hizo al celebrarse el mismo. El jurado absolvió al apelante del delito de escalamiento en primer grado. El magistrado lo declaró culpable en los casos de agresión grave y portación de armas y le impuso una penalidad de diez meses de cárcel en cada uno para cumplirse concurrentemente.

En apelación el acusado señala dos errores. En el primero aduce que el tribunal de instancia erró

"[A]l declarar convicto a una persona de los delitos de agresión grave y portación de armas ocurridos dentro de una residencia en altas horas de la noche cuando un jurado lo absolvió de haber penetrado en dicha residencia."

■ No tiene razón. El jurado no absolvió al apelante de haber "penetrado" en la residencia. Lo declaró no culpable del delito de escalamiento en primer grado, lo cual es una cosa distinta pues la penetración en la casa es sólo uno de los varios elementos que ese delito comprende. Como se sabe, para que se perpetre el escalamiento en primer grado deben concurrir (1) la penetración, (2) con el propósito de cometer hurto o ratería o cualquier delito grave y (3) que se cometa de noche. Arts. 408 y 409 del Código Penal, 33 L.P.R.A. secs. 1591 y 1592. No son pues, necesariamente incompatibles la absolución por el escalamiento y las convicciones por la agresión grave y por la portación ilegal de armas.

■ Además, como explicamos en *Pueblo* v. *Medina Ocasio*, 98 D.P.R. 302 (1970), no tiene que existir una perfecta correspondencia entre los veredictos de un jurado y los fallos de un Tribunal de Derecho. Cuando se ventilan conjuntamente acusaciones distintas ante jurado y ante un Tribunal de Derecho, el jurado como juzgador de unos hechos debe llegar a un veredicto sobre un delito y el juez, también como juzgador de los hechos, debe llegar a una conclusión sobre otro delito o delitos. Cada uno—juez y jurado—hacen su propia determinación de hechos sobre el delito particular

que está bajo su jurisdicción. Son juzgadores independientes uno del otro y cada uno está facultado para actuar dentro de su particular jurisdicción. No se cometió el primer error señalado.

◾ El segundo señalamiento es al efecto de que al declarar culpable al acusado de los delitos de agresión grave y de portación de armas el Tribunal actuó en contradicción con lo resuelto en *Pueblo* v. *Cruz Collazo*, 95 D.P.R. 651 (1967). Sostiene el apelante que el delito cometido fue el de agresión grave pero no el de portación de armas. Al efecto dice: "Como quedó demostrado, el arma se usó para agredir a otra persona y por lo tanto el delito cometido fue el de agresión grave y no ambos indistintamente."

Eso no es correcto. En *Pueblo* v. *Cruz Collazo*, supra, dimos énfasis al hecho de que allí no se probó la portación ilegal del arma. En aquel caso el suceso ocurrió dentro del establecimiento del acusado, lugar donde éste tenía el cuchillo. Véase en este sentido a *Pueblo* v. *Rivera Alvira*, 97 D.P.R. 89, 91 (1969). En el caso de autos la portación del cuchillo por el apelante en la residencia de Ivette Feliciano claramente constituyó una portación ilegal de armas. Tampoco se cometió el segundo error señalado.

*Se confirmarán las sentencias apeladas.*

El Juez Asociado Señor Santana Becerra no intervino.