EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JAIME DE JESÚS ROSADO, acusado y apelante.

*Número*: CR-71-90    *Resuelto*: 23 de marzo de 1972

*Rosa Nilda Ponce Cancel*, abogada del apelante; *Gilberto Gierbolini, Procurador General*, y *Ruth Tentori de Lebrón Velázquez, Procuradora General Auxiliar*, abogados de El Pueblo.

PER CURIAM: El apelante fue acusado de *poseer, conducir y transportar ilegal, voluntaria, maliciosa y criminalmente una navaja de seguridad conocida como "Gem" en ocasión de usarla no como instrumento propio de su arte, deporte, profesión, ocupación y oficio.* Además fue acusado de robo. La prueba testifical demostró que cortó a un individuo en un brazo con dicha navaja, hecho que el apelante admitió en contrainterrogatorio; que el apelante, junto con otros, sujetaron al lesionado y a la fuerza le extrajeron la cartera con cincuenta dólares.

El jurado lo encontró culpable de la infracción al Art. 4 de la Ley de Armas. Se retiró a deliberar con respecto al otro delito imputado. En ese momento la defensa planteó la cuestión de derecho de que "la denuncia del Art. 4 de la Ley de Armas no imputa delito." Dejado pendiente el planteamiento, regresó el jurado y rindió un veredicto de culpabilidad del delito de acometimiento y agresión grave con circunstancias agravantes.

En cuanto al anterior planteamiento de que la acusación no imputa delito, el juez de instancia lo consideró tardío y consideró, además, que "todo defecto en la alegación de la acusación fueron subsanados por la prueba." Condenó al ape-

lante a la pena de un año de cárcel por el delito menos grave de la infracción a la Ley de Armas, y a la pena de dos años de cárcel por el delito de acometimiento y agresión grave, que es un delito menos grave.

■—Apunta el apelante que el tribunal de instancia incidió al condenarle por la infracción a la Ley de Armas pues la acusación correspondiente no imputa delito.

En *Pueblo* v. *Díaz Breijo*, 97 D.P.R. 64 (1969), hicimos claro que es requisito ineludible del debido procedimiento de ley que la acusación contenga los hechos del delito que se imputa al acusado. La prueba no subsana la ausencia en la acusación de los elementos esenciales del delito. Véanse, *Pueblo* v. *Trinidad Fernández*, 93 D.P.R. 897 (1967); *Pueblo* v. *Vélez Rivera*, 93 D.P.R. 649 (1966); *Pueblo* v. *Fagot*, 92 D.P.R. 227 (1965).

En *Rodríguez Muñoz* v. *Tribunal Superior*, 95 D.P.R. 360 (1967), dijimos que cuando la acusación o denuncia adoleciere de algún defecto substancial, bajo la Regla 38 (b) de las de Procedimiento Criminal, el tribunal podrá permitir en cualquier momento antes de la convicción o absolución, las enmiendas necesarias para subsanarla. El caso que nos ocupa es de naturaleza distinta. Además, el fiscal no solicitó en momento alguno la enmienda de la acusación.

■ El Art. 4 de la Ley de Armas (25 L.P.R.A. sec. 414), define el delito de que se trata en este caso así: "Toda persona que posea, porte o conduzca . . . *incluyendo además las hojas de navajas de afeitar de seguridad y garrotes cuando éstos se sacaren, mostraren o usaren en la comisión de un delito público o en la tentativa de cometerlo,* . . . será culpable de delito menos grave. . . ." (Énfasis nuestro.)

En cuanto a portar o conducir una navaja de afeitar de seguridad el delito consiste en sacarla, mostrarla o usarla en la comisión de un delito público o en la tentativa de cometerlo. En la acusación meramente se alegó que el apelante usó la navaja *no como instrumento propio de su arte, deporte, pro-*

*fesión, ocupación u oficio. No se alegó o describió delito público alguno en que la sacare, mostrare o usare.* Es evidente, pues, que la acusación en este caso no imputa delito alguno.

Por lo tanto, la sentencia apelada debe ser revocada y en su lugar dictarse otra ordenando la desestimación de la acusación del delito de infracción al Art. 4 de la Ley de Armas.

■ 2.—Apunta el apelante que la pena impuesta por el delito de acometimiento y agresión grave, debe reducirse de acuerdo a lo dispuesto en la Ley Núm. 8 de 7 de julio de 1971. Tiene razón. A esos efectos, debe devolverse el caso al tribunal de instancia para que se modifique dicha pena de acuerdo con los términos de la referida ley.

El Juez Presidente, Señor Negrón Fernández, no intervino.