EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* SECUNDINO ARROYO LÓPEZ, acusado y apelante.

*Número:* CR-73-44      *Resuelto:* 30 de septiembre de 1974

*P. Roldán Figueroa* y *Frances Berríos Agosto,* abogados del apelante; *Myriam Naveira de Rodón, Procuradora General,* y *Ruth Tentori de Lebrón-Velázquez, Procuradora General Auxiliar,* abogados de El Pueblo.

### SENTENCIA

El apelante fue acusado de mutilación y portar armas. Se alegó que con un machete le cercenó cuatro dedos de la mano izquierda a Rafael Diez. El jurado le absolvió del delito grave. El juez lo condenó en el menos grave.

La defensa del apelante estriba en que la portación del machete fue incidental. El dictamen del juez de instancia sosteniendo que no fue incidental está sostenido por la evidencia presentada. Los hechos ocurrieron en una vía pública. La contención del apelante es al efecto de que el perjudicado lo fue a provocar a su casa; que él tomó un machete de la marquesina de su casa; que el perjudicado tenía un cuchillo y terminó peleando en la calle, por lo que la portación del machete fue incidental. Sin entrar a considerar si la portación de un machete en esas circunstancias es incidental, la prueba de cargo fue en el sentido de que el acusado salió de su casa con el machete en busca del perjudicado y lo alcanzó dos casas

más adelante donde lo agredió. Creída esta prueba por el juez sentenciador, la misma sostiene el veredicto rendido.

El otro error apuntado carece de substancia. Se queja el apelante de que el juez cometió error al no permitirle argumentar el caso menos grave por segunda vez—el abogado había argumentado el caso completo ante el jurado—antes del juez fallar. Por la naturaleza de los hechos, al argumentar el caso ante el jurado, tenía necesariamente que discutir lo relacionado con la portación del arma. Así lo admite el propio apelante.

Se confirma la sentencia que dictó el Tribunal Superior, Sala de Caguas, en 16 de noviembre de 1966, pero se reduce a seis meses en virtud de lo dispuesto por la Ley Núm. 9 de 7 de julio de 1971.

Así lo pronunció y manda el Tribunal y certifica el Secretario. El Juez Asociado Señor Irizarry Yunqué disintió en opinión separada con la cual concurre el Juez Asociado Señor Rigau.

(Fdo.)  Angel  G.  Hermida

*Secretario*

—O—

Voto disidente del Juez Asociado Señor Irizarry Yunqué con el cual concurre el Juez Asociado Señor Rigau

San  Juan,  Puerto  Rico,  a  30  de  septiembre  de  1974

En *Pueblo* v. *Cruz Collazo*, 95 D.P.R. 651 (1968), este Tribunal analizó el Art. 4 de la Ley de Armas, 25 L.P.R.A. sec. 414, y concluyó que se puede infringir dicha disposición en tres formas o modalidades, teniendo en cuenta para ello la clase de instrumento cuya posesión o portación allí se castiga y el uso dado al instrumento en cuestión.

Así, hay instrumentos cuya posesión o portación, sin más calificaciones o condiciones, es ilegal. Tal es el caso del *black*

*jack,* la cachiporra y la manopla, expresamente señalados en dicho Art. 4. Son armas prohibidas *per se.* Su portación constituye la primera modalidad bajo la cual se viola el citado artículo.

La segunda y tercera modalidades se refieren a instrumentos que son susceptibles de uso inocente. Su posesión y portación constituyen delito solo cuando se emplean ilegalmente. Resolvió este Tribunal en *Cruz Collazo* que bajo estas dos últimas modalidades se incurre en el delito de portar armas (a) si el instrumento se porta, conduce y transporta en ocasión en que no se usa como instrumento propio de un arte, deporte, profesión, ocupación u oficio; y (b) si se usa contra otra persona en la comisión de un delito. El machete es uno de los instrumentos cuya portación puede ser castigada bajo cualquiera de estas dos modalidades.

Al igual que en *Cruz Collazo,* en la causa que nos ocupa se imputó en la acusación fiscal la violación del Art. 4 de la Ley de Armas en las dos modalidades que se refieren al uso del instrumento, que hemos señalado con las letras (a) y (b). Aquí la acusación alega que el acusado, en la fecha que expresa, "portaba, conducía y transportaba un machete similar a una daga siendo dicho machete un arma con el cual puede causarse grave daño corporal, cuyo machete. [*sic*] portaba, conducía y transportaba el acusado en este caso, en ocasión de usarl [*sic*] no como instrumento propio de un arte, deporte, profesión, ocupación u oficio, el que utilizó en la comisión de un delito de Mutilación."

El apelante se sometió a juicio bajo esta acusación y al mismo tiempo bajo una acusación por mutilación a base de hechos que surgieron del mismo incidente y sostenidos con la misma prueba. Un jurado le halló no culpable del delito de mutilación y el tribunal a quo le absolvió de dicho delito. El juez, sin embargo, le condenó por portar el machete.

La acusación por portar armas claramente no podía sostenerse a base de la tercera modalidad del Art. 4. Habiendo

determinado el jurado que el apelante no cometió el delito de mutilación quedó así juzgado que no usó el machete para cometerlo. *Pueblo* v. *Reyes Lara*, 100 D.P.R. 676, 690 (1972); *Pueblo* v. *Cruz Collazo*, supra.

A mi juicio, y con base en esa misma prueba, tampoco puede sostenerse el fallo condenatorio bajo la modalidad de portación "en ocasión en que no se usa como instrumento propio de un arte, deporte, profesión, ocupación u oficio." Si el apelante no empleó el machete para cometer el delito de mutilación, ¿qué uso ilegal le dio? La acusación no alega ningún otro. La prueba tampoco lo estableció.

*Pueblo* v. *De Jesús Rosado*, 100 D.P.R. 536 (1972), nos presenta el caso de una acusación bajo el Art. 4 de la Ley de Armas por "poseer, conducir y transportar ilegal, voluntaria, maliciosa y criminalmente una navaja de seguridad conocida como 'Gem' en ocasión de usarla no como instrumento propio de su arte, deporte, profesión, ocupación u oficio." (pág. 537.) Al acusado en dicho caso también se le imputó un delito de robo. La acusación por portar la navaja no especificó qué delito cometió o intentó cometer mediante su uso. Resolvió este Tribunal que dicha acusación no imputaba delito, ni pudo ser enmendada por la prueba por cuanto ésta "no subsana la ausencia en la acusación de los elementos esenciales del delito." (pág. 538.) [1]

La navaja de afeitar de seguridad está colocada en el Art. 4 en el grupo de instrumentos en que también está incluido el machete, [2] que son susceptibles de uso inocente y se convierten en armas prohibidas cuando se dedican a un uso distinto al que sería propio de tales instrumentos en el arte, deporte, profesión, ocupación u oficio en que usualmente se emplean.

---

[1] A continuación se citan *Pueblo* v. *Trinidad Fernández*, 93 D.P.R. 897 (1967); *Pueblo* v. *Vélez Rivera*, 93 D.P.R. 649 (1966); *Pueblo* v. *Fagot*, 92 D.P.R. 227 (1965).

[2] El artículo específicamente menciona la *daga*, que es definida en el Art. 44, 25 L.P.R.A. sec. 454(e), como que incluye el machete.

Al ser absuelto el apelante del delito de mutilación quedó la acusación trunca de la alegación esencial de que el machete fue utilizado en la comisión de un delito. Como en *Pueblo* v. *De Jesús Rosado*, la prueba no podía subsanarla supliendo el juez un elemento que fue descartado por el fallo del jurado, a saber, la comisión del delito de mutilación.

El machete es un instrumento de uso corriente en nuestros hogares para mil quehaceres de la buena y sana vida hogareña. Creo que a nadie se le ocurriría que viola el Art. 4 de la Ley de Armas una persona que, sin estar dedicada a un arte, deporte, ocupación u oficio para el que el machete pueda ser un instrumento apropiado, sea sorprendida empleando dicho instrumento en una faena de jardinería, o de cocina, o en una de las múltiples tareas que demandan la cotidiana atención de los padres de familia. Dudo igualmente que a nadie se le ocurriría que viola el citado artículo la persona que porte un machete para cualesquiera de dichos fines.

No pretendo que se sostenga que con la portación de un machete se infringe el Art. 4 únicamente cuando se emplea este instrumento en la comisión de un delito. La redacción del artículo es susceptible de interpretarse para que constituya delito, por ejemplo, portar un machete para fines de ataque o de defensa, o exhibirlo en público sin que al así hacerlo se persiga un propósito legítimo. Empero, el uso ilegal que se le dé debe ser alegado en la acusación para que ésta impute delito, y ese uso ilegal debe ser sostenido por la prueba para que se justifique una convicción.

Hace 42 años dijimos en *Pueblo* v. *Bosch*, 43 D.P.R. 741, 747 (1932): "Es cierto que el delito de portar armas prohibidas es *malum prohibitum* y no *malum in se*, pero debe haber la unión del acto y la intención. Esta intención no aparece cuando un hombre meramente de modo incidental penetra en la carretera sin intención de permanecer allí con su pistola." Esta afirmación es tan cierta hoy como entonces, particularmente si se aplica a la portación de un instrumento

esencialmente susceptible de un uso inocente como lo es el machete. Su portación, sin más, no puede constituir delito. *Pueblo* v. *De Jesús Rosado,* supra.

El apelante tenía derecho, como cualquier otro jefe de familia, a tener un machete en su hogar. La prueba a que presumiblemente dio crédito el jurado, y por ello absolvió al apelante, estableció que éste fue provocado en su hogar por la alegada víctima, primero mediante el uso de lenguaje insultante, y luego avanzando hacia el balcón y la casa del apelante, armado de un cuchillo mientras a un tiempo hacía gestos indicativos de su intención de agredirlo. Fue entonces que el apelante se dirigió a la marquesina en que estaba el machete y se enfrentó al agresor para repelerle, resultando el agresor con la lesión que le mutiló varios dedos de la mano izquierda. Ante esa prueba no puede sostenerse que el apelante hiciera uso ilegal del machete. El juez de instancia tenía que respetar esa determinación hecha por el jurado en vista de lo resuelto por este Tribunal en *Cruz Collazo,* reiterado cuatro años después en *Reyes Lara.*

El hecho de que el incidente entre el apelante y su agresor se corriera hasta la calle no puede tomarse para completar la prueba salvando el caso del Pueblo contra el apelante por el delito de portar armas. En primer lugar, el delito tipificado en el Art. 4 de la Ley de Armas no distingue lugares para su comisión. Lo mismo puede cometerse este delito en la vía pública que en propiedad privada. Lo importante es la intención con que se porte el instrumento para que la portación sea ilegal. En segundo lugar, aquí la portación del machete se produjo como parte del incidente provocado contra el apelante e incidental a dicho evento. No se portó para cometer el delito de mutilación, que no se cometió, ni para cometer delito alguno.

A mi juicio la sentencia del tribunal a quo debió revocarse y decretarse la absolución del apelante.